IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN L. HARTMAN,** <br> No. K91992, <br><br>       **Plaintiff,** <br><br> vs. <br><br> **S.A. GODINEZ,** <br> **WARDEN RANDY DAVIS,** <br> **ASST. WARDEN LARUE LOVE, and** <br> **ASST. WARDEN ROBIN DILLON,** <br><br>       **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 14-cv-01321-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Dustin L. Hartman, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the denial of medical care for his injured right arm.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

According to the complaint, Plaintiff Hartman injured his right arm while working in the prison store and was in pain—purportedly a tendon injury. He reported the injury to Supervisor Sullins, but Sullins minimized the injury and told Plaintiff that it would heal. Sullins also stated that if Plaintiff put in a formal request for medical care Plaintiff would receive a disciplinary report. When Plaintiff did request medical care, he was fired. He still has not received proper medical care.

The complaint names as defendants IDOC Director Godinez, Warden Davis, and Assistant Wardens Love and Dillard. Plaintiff claims he has been subjected to "cruel and unusual punishment," as well as "pain and suffering," for which he seeks medical attention and compensatory damages.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison

officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).   Thus, the allegations in the complaint fall within the ambit of the Eighth Amendment; nevertheless, the complaint cannot proceed.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Consequently, the doctrine of *respondeat superior* is not applicable to Section 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.  They must in other words act either knowingly or with deliberate, reckless indifference."  *Backes v. Village of Peoria Heights, Illinois*, 662 F.3d 866, 870 (7th Cir. 2011).

There are no allegations regarding IDOC Director Godinez, Warden Davis, and Assistant Wardens Love and Dillard in the narrative of the complaint—no indication that they had any involvement in the events at issue.  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  For these reasons,

Director Godinez, Warden Davis, and Assistant Wardens Love and Dillard must be dismissed, albeit without prejudice.[1]

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against all claims against all Defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **January 16, 2015**, Plaintiff shall file an amended complaint. Failure to file an amended complaint will result in the dismissal of this action with prejudice, and a "strike" will be assessed for purposes of 28 U.S.C. § 1915(g) for failing to state a claim against which relief can be granted.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 22, 2014

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The complaint could be permitted to proceed against the warden in his official capacity *only* for purposes of injunctive relief, but that is clearly not Plaintiff's aim. Plaintiff will, therefore, be given an opportunity to amend the complaint.